UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KERRY JOSEPH FERGUSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-00220-JRG-CRW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Kerry Joseph Ferguson's Motion to Vacate and Set Aside Judgment [Doc. 1] and the United States' Response [Doc. 5]. For the reasons herein, the Court will deny Mr. Ferguson's motion.

### I. BACKGROUND

In 2018, Mr. Ferguson pleaded guilty to conspiring to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, [Plea Agreement, Doc. 172, at 1, No. 2:16-CR-00103-3], and the Court sentenced him to six months' imprisonment, [J., Doc. 246, at 2, No. 2:16-CR-00103-3]. Now, Mr. Ferguson moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C § 2255.[1] The United States opposes his motion. Having carefully reviewed and considered Mr. Ferguson's claims and the parties' arguments, the Court is now prepared to rule on them.

---

[1] Mr. Ferguson is currently on supervised release, and the Court transferred jurisdiction over his term of supervision to the Middle District of Tennessee. [Transfer Order, Doc. 269, at 1, No. 2:16-CR-00103-3]. The fact that Mr. Ferguson is no longer serving the custodial portion of his sentence does not moot his § 2255 motion. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). In addition, although Mr. Ferguson is serving his term of supervision in the Middle District of Tennessee, the proper venue for his § 2255 motion is the Eastern District of Tennessee. *Browning v. Mathews*, No. 85–6117, 1986 WL 217533, at *1 (6th Cir. Nov. 7, 1986).

## II. Legal Standard

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003)

(quotation and citation omitted). Similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

In pursuing relief under § 2255, Mr. Ferguson raises a two-sentence argument in which he challenges his conviction based on standing and subject-matter jurisdiction grounds:

> Due to the United States' failure to provide proof of injury in fact, the requirements for standing were not met. Additionally, the Government's failure to provide evidence of subject matter jurisdiction further shows this court had no

3

jurisdiction over these proceedings and subsequently judgments were entered against Ferguson lacking in Federal authority.

[Def.'s Mot. at 2]. In response, the United States contends that the Court had jurisdiction over Mr. Ferguson under 18 U.S.C. § 3231, and it also contends that Mr. Ferguson's "alleged absence of any 'proof of injury in fact'" is insufficient to invalidate his conviction. [United States' Resp. at 2].

### A. The Merits of Mr. Ferguson's Claims

First, the Court properly exercised jurisdiction over the charges against Mr. Ferguson under § 3231, which grants federal district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see United States v. Hernandez*, 330 F.3d 964, 977–78 (7th Cir. 2003) (stating that "18 U.S.C. § 3231 confers jurisdiction on district courts to try charges framed by federal indictments, and, as we have repeatedly held, 'district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law'" (quotation omitted)).

Second, the Court agrees that Mr. Ferguson's argument as to standing is insufficient to annul his conviction. "Standing is no more than the litigable interest necessary to create a case, and when it comes to the government, wrongs to the public at large—generalized grievances—will do." *Rice v. Farley*, No. 14–31–ART, 2014 WL 2441260, at *3 (E.D. Ky. May 30, 2014) (Thapar, J.). While under oath, Mr. Ferguson attested during his plea colloquy that his plea agreement's factual basis was true and accurate, and in that factual basis, he agreed that he conspired "to defraud the United States and commercial consumer purchasers." [Plea Agreement at 3]. He also stated, while under oath, that he was pleading guilty to this offense because he was in fact guilty.

So despite Mr. Ferguson's assertions otherwise, the record does contain evidence to establish standing, or evidence of a wrong against the public at large. *See Marks v. Davis*, 504 F. App'x 383, 386 (6th Cir. 2012) (stating that "the plea transcript itself carries great weight" (citing *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977))). Mr. Ferguson is bound by his statements during the plea colloquy—which he does not contest as unknowing or involuntary here on collateral review—and he makes no argument as to why the Court should now permit him to disavow those statements. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (stating that "where the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry'" (quotation omitted)); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," and "representations of the defendant . . . at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding."). Mr. Ferguson therefore fails to demonstrate that he is entitled to the extraordinary remedy of § 2255 relief.

### B. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Ferguson to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Ferguson's claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is

debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Ferguson.

## IV. CONCLUSION

As the petitioner under § 2255, Mr. Ferguson fails to satisfy his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion to Vacate and Set Aside Judgments [Doc. 1] is therefore **DENIED**, and this case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
